**Lakhbir SINGH, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 02–70802.
Agency No. A74–322–980.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2003.

Decided Nov. 17, 2003.

Robert B. Jobe, Esq., Law Office of Robert B. Jobe, San Francisco, CA, for Petitioner.

Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Blair T. O'Connor, Office of Immigration Litigation, Papu Sandhu, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before CANBY, W. FLETCHER, and TALLMAN, Circuit Judges.

## MEMORANDUM *

Petitioner Lakhbir Singh, a native and citizen of India, seeks review of the Board of Immigration Appeals' ("BIA") summary decision affirming the Immigration Judge's ("IJ") denial of his applications for asylum and withholding of deportation.[1] Because the BIA entered its ruling after October 30, 1996, and because Singh's case was pending before April 1, 1997, the transitional judicial review rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") apply. Pub.L. No. 104-208, Stat. 3546 (Sept. 30, 1996); *Gui v. INS*, 280 F.3d 1217, 1221 (9th Cir.2002). We have jurisdiction, therefore, pursuant to 8 U.S.C. § 1105a(a), as amended by the IIRIRA.

Singh testified that he left India to come to the United States because on two occasions Indian police arrested him, tied him up, hung him upside down, and severely beat him with a leather strap in an effort to discover whether he had provided food and shelter to Sikh militants. The IJ did not credit Singh's testimony because she found it to be inconsistent with regard to his temple attendance after his first arrest and because she determined that the lack of detail in the corroborating documents undermined Singh's credibility.

We review an adverse credibility determination under the substantial evidence standard. *Lopez-Reyes v. INS*, 79 F.3d 908, 911 (9th Cir.1996). Although the standard of review is deferential, an adverse credibility determination must be supported by "specific, cogent reasons." *Akinmade v. INS*, 196 F.3d 951, 954 (9th

Cir.1999) (citation omitted). We review the IJ's stated reasons to determine whether they are valid grounds upon which to base an adverse credibility finding. *Lopez-Reyes*, 79 F.3d at 911. "Minor errors or inconsistencies [ ] do not constitute a valid ground upon which to base a finding that an asylum applicant is not credible." *Akinmade*, 196 F.3d at 954 (internal quotation marks and citations omitted). This is particularly true where the inconsistencies cannot be viewed as attempts to enhance claims of persecution or where they reveal nothing about the applicant's fear for his safety. *See Shah v. INS*, 220 F.3d 1062, 1068 (9th Cir.2000); *Akinmade*, 196 F.3d at 954.

■ Here, the IJ's adverse credibility determination was based upon insufficient grounds. The IJ characterized Singh's testimony regarding his attendance at the Sikh temple following his first arrest as unresponsive, and, thus, not credible. Contrary to the IJ's characterization, however, each time Singh was asked about his conduct following his first arrest he answered the question directly, without evasiveness or inconsistencies. Singh's testimony on direct examination – that after his first arrest he had started going to temple less often – is not inconsistent with his later testimony; his later testimony merely elaborates by explaining that he had, in fact, started going less often, until he felt he could not attend at all. This is, at most, a "minor error[ ]," on which an adverse credibility determination cannot properly stand. *See Akinmade*, 196 F.3d at 954.

■ The IJ's conclusion that Singh was not credible because his corroborating doc-

---

1. Where, as here, the BIA merely adopts the IJ's findings, we review the IJ's decision. *Lopez-Reyes v. INS*, 79 F.3d 908, 911 (9th Cir. 1996).

uments were insufficiently detailed is also not enough to support an adverse credibility determination. An asylum applicant has no duty to corroborate his testimony with extrinsic evidence. *Shah,* 220 F.3d at 1071; *see also Sidhu v. INS,* 220 F.3d 1085, 1091 (9th Cir.2000). Furthermore, the fact that an applicant's evidence is "not as complete as might be desired cannot, without more, properly serve as a basis for a finding of lack of credibility." *Akinmade,* 196 F.3d at 956 (internal quotation marks omitted); *see also Shah,* 220 F.3d at 1070. While the affidavits prepared by Singh's father, Dr. Lakha, Captain Pavtar Singh, Darssan Singh, and Narinder Pal Singh are sparse on details, they do not contradict Singh's testimony and, in fact, corroborate many important aspects of his testimony. Any omissions of details in the affidavits are minor and cannot be viewed as an attempt by Singh to enhance his asylum application. This was, therefore, not a proper basis for an adverse credibility determination.

For these reasons we reverse the IJ's adverse credibility determination and remand to the BIA for further proceedings in order to determine whether Singh is eligible for and should be granted asylum.

PETITION FOR REVIEW GRANTED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.